IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOSHE ISAAC STEIN,

        Plaintiff,                      No. CIV S-06-2311 DFL KJM P

    vs.

SHASTA COUNTY BOARD OF
SUPERVISORS, et al.,

        Defendants.          ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  The court finds the allegations in plaintiff's complaint so vague and conclusory
2 that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of
3 Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the
4 elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d
5 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt
6 acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>   Plaintiff's complaint must
7 be dismissed.  The court will, however, grant leave to file an amended complaint.

8  To the extent plaintiff is attempting to plead a cause of action based on the
9 medical care he has received at his place of incarceration, he is informed that to state a valid
10 Eighth Amendment claim for inadequate medical care, plaintiff must allege "acts or omissions
11 sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v.
12 Gamble,</u> 429 U.S. 97, 106 (1976).

13  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See
15 Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
19 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
20 allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of
21 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  A supervisor cannot be held personally liable under
22 § 1983 for constitutional deprivations caused by his subordinates absent his participation or
23 direction in the deprivation.  <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.3d 675
24 (9th Cir 1984).

25  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
26 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

1 amended complaint be complete in itself without reference to any prior pleading.  This is
2 because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
3 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
5 original complaint, each claim and the involvement of each defendant must be sufficiently
6 alleged.

7    In accordance with the above, IT IS HEREBY ORDERED that:

8    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
10 The fee shall be collected and paid in accordance with this court's order to the Director of the
11 California Department of Corrections and Rehabilitation filed concurrently herewith.

12    3.  Plaintiff's complaint is dismissed.

13    4.  Plaintiff is granted thirty days from the date of service of this order to file an
14 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
15 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
16 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
17 an original and two copies of the amended complaint; failure to file an amended complaint in
18 accordance with this order will result in a recommendation that this action be dismissed.

19 DATED:  April 16, 1007.

_____
U.S. MAGISTRATE JUDGE

22 1
stei2311.14a(10.23.06)

4