1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MOSHE ISAAC STEIN,

11            Plaintiff,                No. CIV S-06-2311 RRB KJM P

12       vs.

13  SHASTA COUNTY BOARD OF
    SUPERVISORS, et al.,
14
            Defendants.              <u>ORDER</u>
15  _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17  filed pursuant to 42 U.S.C. § 1983.  By order filed April 16, 2007, plaintiff's complaint was

18  dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19  complaint.

20          The court is required to screen complaints brought by prisoners seeking relief

21  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

24  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25  U.S.C. § 1915A(b)(1),(2).

26  /////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint still do not state a claim upon which relief can be granted.  With respect to plaintiff's claims that he has been denied adequate health care in violation of the Eighth Amendment, plaintiff fails to assert which person or persons violated plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff fails to present anything linking the conduct of any defendant to the Eighth Amendment violations alleged by plaintiff.

With respect to plaintiff's claims regarding the manner in which his trial attorney in his criminal case represented plaintiff, plaintiff has not shown that he is not precluded from obtaining relief by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed).

Plaintiff will be granted one final opportunity to amend his complaint.  If he cannot cure the deficiencies identified herein, this action will be dismissed.  Plaintiff is advised to also refer to the court's April 16, 2007 order while drafting his second amended complaint.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the court's April 16, 2007 order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  December 12, 2007.

_____
U.S. MAGISTRATE JUDGE

1
stei2311.14(a).(9.25.07)